FILED

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5

6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
9

10 Attorneys for Plaintiff,
   Aumunique Winbusch
11

12

13                 UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15                     EASTERN DIVISION
16
17              ED CV 12 - 02065 (OP)
18 Aumunique Winbusch,              Case No.:
19          Plaintiff,              **COMPLAINT FOR DAMAGES**
20                                  **1. VIOLATION OF FAIR DEBT**
      vs.                          **COLLECTION PRACTICES ACT,**
21                                  **15 U.S.C. § 1692 ET. SEQ;**
   Asset Acceptance, LLC; and DOES 1-10,  **2. VIOLATION OF FAIR DEBT**
22 inclusive,                       **COLLECTION PRATICES ACT,**
                                    **CAL.CIV.CODE § 1788 ET. SEQ.**
23
          Defendants.
24                                  **JURY TRIAL DEMANDED**
25
26
27
28
                                         COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Aumunique Winbusch, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Aumunique Winbusch (hereafter "Plaintiff"), is an adult individual residing in San Jacinto, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Asset Acceptance, LLC ("Asset"), is a Michigan business entity with an address of P.O. Box 2036, Warren, Michigan 48090-2036, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Asset and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Asset at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.    The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Asset for collection, or Asset was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.    Asset Engages in Harassment and Abusive Tactics

12.    Within the last year, Asset contacted Plaintiff in an attempt to collect the Debt.

13.     During the initial conversation and oftentimes thereafter, Asset failed to identify itself and failed to advise Plaintiff that the call was an attempt to collect the Debt and all information obtained would be used for that purpose.

14.     During the initial conversation, Asset used a loud and aggressive tone with Plaintiff, yelling at her and demanding that she make an immediate payment.

15.     During the initial conversation, Asset was vague and misleading about the nature of the Debt, and told Plaintiff that it was attempting to collect a student loan obligation of Plaintiff's. Plaintiff advised Asset that she did not have any student loans. Asset then proceeded to scream at Plaintiff, demanding that she make immediate payment of the Debt.

16.     Several days after the initial contact, Plaintiff received a letter from Asset, which stated that Asset was collecting on Chevron Gas Card, not a defaulted student loan obligation.

17.     During most subsequent conversations, Asset used a loud and aggressive tone with Plaintiff in an effort to intimidate her into making immediate payment of the Debt.

18.     Asset often times threatened Plaintiff with outcomes if the Debt was not immediately paid, including but not limited to telling Plaintiff it would sue her and take her house and "take everything [she] owns."

19.     When threatened that she would lose her home, Plaintiff told Asset that she has no real property. Asset responded by telling her it will take all her personal property and will get all its money "one way or another."

20.     During many conversations, Plaintiff explained that she exists on a limited income and cannot pay the entire Debt, and repeatedly offered to make small monthly payments until such time as the Debt was fully satisfied. Each time, Asset refused to accept payments offered by Plaintiff and demanded that Plaintiff pay more.

21.     After many of the same discussions with Asset, Plaintiff finally told Asset that the amount she could pay is not going to increase and Asset must either accept Plaintiff's payment proposal or it must cease all calls to her.

22.     Asset again rejected Plaintiff's offer and Plaintiff told Asset to cease calls to her.

23.     Thereafter, Asset continued to place calls to Plaintiff on her residential and cellular phone lines at an excessive and harassing rate, placing sometimes up to six calls per day.

## C.     Plaintiff Suffered Actual Damages

24.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25.   As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26.   The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

27.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.   The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

29.   The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

30.   The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

31.   The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

32.     The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

33.     The Defendants threatened the Plaintiff with attachment of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

34.     The Defendants threatened to take action without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

35.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

36.     The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

37.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

38.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

COMPLAINT FOR DAMAGES

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

42.     Asset Acceptance, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

43.     The Defendants threatened the Plaintiff with seizure of his property if the debt was not paid, without intending to take such action, in violation of Cal. Civ. Code § 1788.10(e).

44.     The Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(b).

45.     The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

46.     The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

47.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

48.     The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

49.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

50.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

<u>COUNT III</u>
<u>INVASION OF PRIVACY BY INTRUSION UPON SECLUSION</u>

51.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

53.     California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

54.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

55.     The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

56.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

57.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

58.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

60.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

61.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of California.

62.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

63.     Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

64.     Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

65.     Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of California.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  November 20, 2012          TAMMY HUSSIN

By:_____
Tammy Hussin  *Of Counsel*
Lemberg & Associates, LLC
Attorney for Plaintiff, Aumunique
Winbusch